No. 2,232.

A. H. AND REBECCA WILBUR (Administrator and Administratrix of the Estate of E. WILBUR, deceased), RESPONDENTS, *v.* W. CHERRY, APPELLANT.

FORCIBLE ENTRY AND DETAINER. — EVIDENCE OF POSSESSION. — An actual inclosure of the premises by the plaintiff or those under whom he claims, or other evidence of possession at or within five days of the date of the alleged entry of defendant must be shown in order to maintain an action for forcible or unlawful entry and detainer.

IDEM. — There must also be some evidence tending to establish that defendant exercised or threatened force in obtaining or continuing his possession.

APPEAL from the County Court of Colusa County.

The facts are stated in the opinion.

*D. Shepardson* and *L. J. Ashford,* for Appellant.

*First*—There was no forcible entry upon or detainer of the premises by defendant within the meaning of the first and second sections of the Act of April 2d, 1866. (*Preston* v. *Keehoe,* 15 Cal. 315; *Fogarty* v. *Kelly,* 24 *Id.* 317; *Hodgkins* v. *Jordan,* 29 *Id.* 577; *Pollock* v. *McGrath,* 25 *Id.* 54; *McMinn* v. *Bliss,* 31 *Id.* 122; *McEvoy* v. *Igo,* 27 *Id.* 375; *Valencia* v. *Crouch,* 32 *Id.* 340; *Thompson* v. *Smith,* 28 *Id.* 527; *Frazor* v. *Hanlon,* 5 *Id.* 156.)

*Second*—There was no forcible detainer by defendant of the premises, or of the cabin situated thereon, within the meaning of the third section of the Act of April 2d, 1866, it neither being alleged in the complaint or appearing from the evidence that he entered either upon the premises or into the cabin in the night time, or during the absence of plaintiffs, or that E. Wilbur, deceased, in his lifetime, ever had any possession whatever of said cabin, or ever owned any interest therein, or that plaintiffs, either as executor or executrix, or personally, ever occupied or had any possession of the cabin, or were ever in any sense the occupants thereof.

*Third*—The premises being public lands, and miles in diameter, were never sufficiently inclosed, either by E. Wilbur, deceased, in his lifetime, or by plaintiffs, as execu-

tor or executrix, or otherwise, to give that actual and exclusive possession necessary to maintain the action of forcible entry and detainer.

*W. F. Goad,* for Respondents, filed no brief.

SPRAGUE, J., delivered the opinion of the Court.

There is no substantial conflict in the evidence tending to establish the character of plaintiffs' possession at the date of the alleged forcible entry of defendant. Such evidence clearly establishes that the lands had never been inclosed by plaintiffs, or those under whom they claim, and at or within five days of the date of the alleged entry of defendant, plaintiffs had not such possession of the one hundred and sixty acres entered upon by defendant as would authorize them to maintain an action for forcible or unlawful entry and detainer.

Furthermore, there is an entire absence of evidence tending to establish that defendant exercised or threatened force of any character in obtaining or continuing his possession.

The judgment and order denying a new trial must, therefore, be reversed, and the cause remanded.

So ordered.